[L. A. No. 9473. Department Two.—June 25, 1928.]

MAYME C. BROWNE, Respondent, v. THE T. J. LAW-RENCE COMPANY (a Corporation) et al., Appellants.

Moote & Patterson and Noren Eaton for Appellants.

Mart Coles and Wm. G. Randall for Respondents.

SHENK, J.—This is an appeal from a judgment for the plaintiff in an action wherein the plaintiff sought to cancel certain agreements to purchase real property and to recover partial payments on the purchase price made thereunder.

On January 18, 1924, the plaintiff entered into two agreements in writing with the defendant T. J. Lawrence Company, whereby the latter agreed to reserve for the plaintiff, at a specified purchase price, lots 96 and 97 of tract No. 7888, Pacific Gateway Tract, a subdivision then being formed. These agreements were preliminary and it was understood that final contracts of purchase and sale were to be signed later. Pursuant to these preliminary agreements the plaintiff made payments on the purchase price of the lots described therein. In March, 1924, the defendant Lawrence Company presented to the plaintiff the final agreements to purchase, which the plaintiff signed, and pursuant to which she continued to make payments on the purchase price up to a total of $1,312.50 in the belief that she was paying for and acquiring lots 96 and 97 of tract 7888. Thereafter the plaintiff discovered that the agreements to purchase signed in March described lots 96 and 97 in tract No. 5498, Pacific Gateway Tract, instead of lots 96 and 97 in tract 7888 as described in the preliminary agreements. The plaintiff brought this action for cancellation of the contracts and the return of the moneys paid thereunder. The plaintiff had not yet received any title under the contracts nor had she entered into possession.

The trial court found that the lots described in the contracts of sale were not the same lots described in the preliminary agreements; that no consideration passed to the plaintiff for the moneys paid to the defendant, and rendered judgment canceling the contracts and for the repayment to the plaintiff of the sums paid thereunder. From this judgment the defendants have appealed on the judgment-roll alone.

It is the contention of the defendants that the complaint and findings are insufficient because the plaintiff's notice and demand alleged and found to have been given to and made upon defendants prior to the commencement of the action did not contain an offer to return everything of value which the plaintiff received under the contracts. The court found that the plaintiff received nothing of value from the defendants on account of the money paid by her. ■ On an appeal on the judgment-roll alone that finding must be deemed supported by the evidence, unless the contrary is conclusively shown by the judgment-roll itself. ■ When nothing of value has been received it is well settled that it is unnecessary to allege or prove an offer to return everything of value and the rule laid down in subdivision 2 of section 1691 of the Civil Code does not apply. ■ It is contended, however, by the defendants that the judgment-roll on its face shows that the plaintiff had received something of value from the defendants for the payment of her money. This contention is based on the following condition of the record: In addition to their answer the defendants filed a cross-complaint against the plaintiff wherein it was alleged that the defendant bank was and is the owner in fee and entitled to the possession of lots 96 and 97 of Pacific Gateway Tract No. 5498, and that the plaintiff claimed some interest in and to said lots adverse to the defendants, which claim was without right. The cross-complaint prayed that the plaintiff be required to set forth her interest in said property; that the rights of the parties be determined and that it be decreed that the claims of the plaintiff are without right. The plaintiff filed an answer to this cross-complaint wherein she admitted an interest in said lots in Tract No. 5498 by virtue of the agreements of March 4, 1924, and prayed that the defendants take nothing by their cross-complaint. In the absence of any record

of the evidence taken at the trial we are not prepared to say that the admission of the plaintiff in her answer to the cross-complaint would conclusively rebut and overthrow the finding of the court in the main action that the plaintiff had received nothing of value for the money she had paid to the defendants.

 The trial court made no finding or judgment on the issues joined on the cross-complaint, which, of course, was an independent cause of action. We think the court should have done so. Findings on those issues would seem to be required in order to terminate this litigation if it were not for the fact that the plaintiff now disclaims any interest in said lots and consents that the judgment be modified accordingly. Under these circumstances it would be useless to remand the cause for further proceedings.

It is, therefore, ordered that the judgment of the trial court herein be modified by adding thereto the following: "It is further ordered, adjudged and decreed that the plaintiff has no right, title or interest in and to Lots 96 and 97 of Pacific Gateway Tract Number 5498, as per map of said tract recorded in Book 90 at pages 10 and 11 of Maps, in the office of the county recorder of Los Angeles County, and she is forever barred from asserting any claim or title thereto whatsoever." As so modified the judgment is affirmed.

Richards, J., and Tyler, J., *pro tem.*, concurred.