[Civ. No. 8186. Second Appellate District, Division Two.—January 27, 1934.]

VINCENT R. LAMIA, Respondent, v. JAMES TOZZI, Appellant.

Conley, Conley & Conley, W. M. Conley, Philip Conley and Matthew Conley for Appellant.

Stanley Howell and Edwin H. Taylor for Respondent.

CRAIG, J.—In an action for commissions alleged to have accrued for services rendered under a contract to obtain an agreement to furnish to the defendant and appellant fifty carloads of oranges, the latter appealed from a judgment founded upon affirmative findings of fact.

In the interest of economy of time and discussion a common ground of the parties may be stated as established. The plaintiff, a fruit broker, was requested by the defendant to buy for the latter fifty carloads of Valencia oranges, preseason, the seller to pay broker's commission, but first to advise as to name of shipper and brand obtainable before closing the purchase; in an interchange of correspondence the broker stated after negotiations that he had located and obtained from the Highlands Orchard Company, of Highland, California, for Tozzi, fifty carloads of Cherokee brand oranges at six cents per pound for shipment one car daily, terms $200 on each car to be deposited at once on confirmation, balance cash when shipped, plus brokerage; the buyer after examination of said brand wrote and telegraphed that he would give the quoted price and make said deposit upon signing contract, "accept fifty cars Valencias, price, terms, shipping date satisfactory"; upon receipt of a telegram advising that the purchase had been made and that the papers would be prepared and mailed immediately, a telegraphic reply and confirmation by mail to the broker stated, "Satisfactory; draw contract today, mail same immediately for approval." Further recital of terms and prepared and signed contract specifying the agreed grade, quality, price, terms of payment and shipment were promptly forwarded to the buyer; the plaintiff testified that after making a careful study of the situation, inspecting groves in all good districts, and investigating the market and crop conditions he "brought the deal about" preparatory to filling so large an order. The appellant did not disapprove any term or condition of the stipulated contract, but at this point the transaction was at an end; he notified his

broker that he was interested in another fruit district, and had "therefore decided to pass it up". Receiving no response to demands for consideration of his claim, the broker filed suit against the buyer, James Tozzi doing business as above indicated, and others, and each thereof individually, but process was served upon the first-named defendant alone.

Criticism of findings of fact as prejudicial error if such be intended upon the ground that alleged causes of action consisting of common counts and for damages is untenable for the reason that if not supported by any evidence a finding that they were untrue could avail the defendant nothing, and the plaintiff waived all right to recover thereon. (*Browne* v. *T. J. Lawrence Co.*, 204 Cal. 424 [268 Pac. 631].) Equally without merit is the claim of prejudicial error in the omission of findings as to liability of defendants other than the appellant and who were not served. The action was maintained against the party served as if he were the only defendant served. (Code Civ. Proc., secs. 379, 414; *Callahan* v. *Danziger*, 32 Cal. App. 405 [163 Pac. 65].)

Under a heading, "No contract for brokerage was ever made between Lamia and Tozzi," it is argued upon authorities appropriate to hypothetical cases stated that in order for parties to be bound by a contract, they must deal with each other directly with the intention of creating contractual rights and duties; and that since the formal contract "which was not executed by the parties" was silent as to brokerage, no privity of contract existed between the appellant and respondent. However, we think the authorities cited do not apply to the facts of this case. The conclusion that default of a principal by refusing to sign or to perform a contract procured from and prepared and signed by a third party in dealings between them through the agent under direction of the former, precludes the possibility of the existence of the agency itself, is unwarranted in law or in fact. It is not apparent that from the statement of a general hypothesis the asserted conclusions must result in a particular case from an incomplete array of the facts, since from the whole record it appears that the appellant sought and requested the respondent to effect the purchase made, that he obtained and forwarded the con-

tract which was presented, and that they were expressly confirmed by the buyer, through the services of the broker. In response to the first request that the commodity be purchased with the condition, "seller to pay you brokerage", he was immediately advised that the original terms and conditions under the agreement "plus brokerage" were the best obtainable, and replied by wire, "price, terms, shipping date satisfactory", wrote in confirmation, "satisfactory to accept the fifty cars, price and terms you mention"; and two days later wired, "satisfactory, draw contract today, mail same immediately"; writing, "immediately wired you to draw up contract right away". So, through dealings between buyer and seller through the buyer's broker it was expressly understood that the item of commission should not be of concern to the seller, but that the "price, terms and shipping date satisfactory" to the buyer included commission. The privity of contract between buyer and agent thus resulted in the consummation of another between buyer and seller, which the buyer declined to perform.

Other questions presented are covered by the foregoing. The evidence as to rate. of commission was ample.

The judgment is affirmed.

Stephens, P. J., and Archbald, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 26, 1934.